FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2018 MAR -5 PM 4:20
CLERK
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR418-028 |
| ) | |
| JOSHUA SMALL ) | |

## CONSENT ORDER OF FORFEITURE

WHEREAS, on January 10, 2018, a Federal Grand Jury sitting in the Southern District of Georgia returned a one count Indictment against defendant Joshua Small (hereafter, the "Defendant");

WHEREAS, the Indictment sought forfeiture pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), which allows for the forfeiture to the United States, any firearm and ammunition involved in the commission of the offense;

WHEREAS, on March 5, 2018, the Defendant pled guilty pursuant to a written plea agreement to Count One of the Indictment, charging him with Possession of a Firearm by a Convicted Felon, in violation of 18. U.S.C. § 922(g);

WHEREAS, pursuant to his plea agreement, the Defendant agreed to forfeit his interest in any firearms and ammunition involved or used in the knowing commission of the offense to which he has agreed to plead guilty, specifically:

    a. A Manuel Escodin Model 31 .32 caliber revolver bearing serial number PA349350; and

    b. Three rounds of .32 caliber ammunition

(collectively, the "Subject Property"); and

WHEREAS, the Defendant agreed to waive the provisions of the Federal Rules of Criminal Procedure 32.2 and 43(a) with respect to notice in the Indictment that the Government will seek forfeiture as part of any sentence in this case, and agreed that entry of this order shall be made a part of the sentence in or out of the presence of the Defendant and be included in the judgment in this case without further order of the Court.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Pursuant to 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c), and Rule 32.2(b)(1), Federal Rules of Criminal Procedure, the Subject Property is hereby forfeited to the United States.

2. Upon the entry of this Order, in accordance with Fed. R. Crim. P. 32.2(b)(3), the Attorney General (or a designee) is authorized to seize the Subject Property, and to conduct any discovery that may assist in identifying, locating or disposing of the Subject Property, any property traceable thereto, or any property that may be forfeited as substitute assets.

3. Upon entry of this Order, the Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order.

4. To the extent that the Subject Property includes specific property and is not limited to a judgment for a sum of money, the United States shall publish notice of the order and its intent to dispose of the Subject Property on the

Government's internet website, www.forfeiture.gov. The United States shall also provide written notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding. The notice must describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the Government attorney to be served with the petition. See Fed. R. Crim. P. 32.2(b)(6).

5. Any person, other than the above named defendant, asserting a legal interest in the Subject Property may, within thirty (30) days of the receipt of notice, or within sixty (60) days of the first publication of notice on the internet website, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n) and 28 U.S.C. § 2461(c).

6. Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Consent Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third-party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

7. Any petition filed by a third-party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right,

title or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

8. If a petition is filed by a third-party, and after the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, the parties may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

9. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third-party petitions.

10. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

11. The Clerk of the Court shall forward two certified copies of this order to Assistant U.S. Attorney Chris Howard, United States Attorney's Office for the Southern District of Georgia, P.O. Box 8970, Savannah, Georgia 31412.

Date: MARCH 5, 2018

_____
HON. WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

WE ASK FOR THIS:

_____
Chris Howard
Assistant United States Attorney
New York State Bar 4935938
P.O. Box 8970
Savannah, Georgia 31412

Date: 3-5-18

_____
Joshua Small
Defendant

Date: 3/5/18

_____
Brian Joseph Huffman, Jr.
Attorney for the Defendant

Date: 3/5/18

5